UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENJIMEN ALEXANDER,<br><br>                        Petitioner,<br><br>     v.<br><br>JEFFREY A UTTECHT,<br><br>                    Respondent. | CASE NO. 3:19-cv-05721-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 13, 2019 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Benjimen Alexander, proceeding *pro se* filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkts. 1, 3. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

## I.    Background

Petitioner was convicted, upon pleading guilty, of two counts of rape of a child in the first degree. Dkt. 7, Exhibit 1. Petitioner did not appeal his judgment and sentence in state court. Dkts. 3, 7 Petitioner filed this Petition on August 4, 2019, 2019. Dkt. 3.

1        Petitioner raises four grounds for relief all based on his claim he is unlawfully detained,

2 and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt.

3 3. On October 3, 2019, Respondent filed an Answer, wherein he asserts the Petition was filed

4 after the limitations period expired. Dkt. 6. Respondent maintains the Petition is therefore time-

5 barred and should be dismissed with prejudice. *Id*. In the alternative, Respondent argues the

6 Petitioner is unexhausted and procedurally barred and Petitioner fails to state a federal

7 constitutional ground for relief. *Id.* Petitioner did not file a traverse.

8    **II.**   **Discussion**

9       *A.  Statute of Limitations*

10        Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is

11 codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas

12 petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of

13 "the date on which the [state court] judgment [of conviction] became final by the conclusion of

14 direct review or the expiration of the time for seeking such review." If during the limitations

15 period a "properly filed application for state post-conviction or other collateral review . . . is

16 pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544

17 U.S. 480, 410 (2005).

18        If a petitioner fails to petition the state's highest court for review, the conviction becomes

19 final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894,

20 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days

21 after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not

22 file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See*

23 *id*; 28 U.S.C. § 2244(d)(1)(A).

24

1    Petitioner's judgment and sentence was filed by the clerk on January 22, 2016, and he did

2    not file a direct appeal challenging his convictions and sentence. Dkts. 3, 7, Exhibit 1. Thus,

3    Petitioner's judgment and sentence was final on February 22, 2016,[1] the date the time for filing a

4    direct appeal expired. *See* Wash. RAP 5.2(a). The AEDPA limitations period began running on

5    February 23, 2016. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA

6    limitations period begins to run the day after the conviction is final).   Petitioner did not file the

7    Petition until August 4, 2019, after the one-year statute of limitations period expired. *See* Dkt. 3.

8    Petitioner contends the AEDPA limitations period is "Not Applicable" to his Petition. Dkt.

9    3 at 13. In the Petition, Petitioner specifically challenges his state court convictions and sentence,

10    Dkt. 3 at 1, but he does not provide any evidence showing he appealed the underlying case in

11    state court or that he was precluded from challenging his convictions. The AEDPA limitations

12    period provided Petitioner with a reasonable opportunity to have his claims heard on the merits.

13    His decision not to avail himself of such an opportunity does not demonstrate the one-year

14    limitation period does not apply to him.

15    For the above stated reasons, the Court finds Petitioner has not shown the Petition was

16    timely filed. As the record reflects the Petition was filed after the statute of limitations had run,

17    the Petition is untimely.

18    B.   *Statutory and Equitable Tolling*

19    The AEDPA limitations period is tolled for any properly filed collateral state challenge to

20    the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, Petitioner did not a collateral

21    challenge in state court, and thus, statutory tolling does not apply.

22    _____

23    [1] Thirty days from January 22, 2016 ends on February 21, 2016 which is a Sunday, however, if the last day is a Saturday, a Sunday, or a legal holiday, "the period runs until the end of the next day which is neither a Saturday, a Sunday, or a legal holiday"—which would be Monday, February 22, 2016.   *See* CrR 8.1; CR 6(a).

24

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkts. 3, 7. Therefore, Petitioner fails to show he is entitled to statutory or equitable tolling, and the Petition is barred by the AEDPA limitations period.

C.  *Exhaustion and Merits*

Respondent also argues the Petition is not properly exhausted and procedurally barred and fails to state a federal constitutional ground for relief. Dkt. 6. However, because the Court concludes the Petition is untimely, the Court declines to consider Respondent's alternative grounds for denying habeas corpus relief.

**III.    Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* The Court finds it is not necessary to

1  hold an evidentiary hearing in this case because, as discussed in this Report and

2  Recommendation, the Petition may be resolved on the existing state court record.

3  **IV.    Certificate of Appealability**

4        A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

5  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

6  (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

7  may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

8  constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

9  that jurists of reason could disagree with the district court's resolution of his constitutional

10  claims or that jurists could conclude the issues presented are adequate to deserve encouragement

11  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

12  529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of

13  Petitioner's claims or would conclude the issues presented in the Petition should proceed further.

14  Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect

15  to this Petition.

16  **V.    Conclusion**

17        The Petition is untimely as it was filed more than one year after the state court judgment

18  became final. There are no extraordinary circumstances in this case requiring the application of

19  equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period

20  imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary

21  hearing is required and a certificate of appealability should be denied.

22        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

23  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

24

6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 13, 2019 as noted in the caption.

      Dated this 18th day of November, 2019.

David W. Christel
United States Magistrate Judge